FILED

MICHAEL MCCURDY
4776 BROOKS STREET
MONTCLAIR, CA 91763

2023 MAY -1 AM 9:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

IN THE UNITED STATES DISTRCT COURT ~~EEE~~

CENTRAL DISTRICT OF CALIFORNIA,

| | |
|---|---|
| TRACY LYNN GOMEZ<br><br>Plaintiff(s),<br><br>vs.<br><br>MICHAEL MCCURDY DOE I THROUGH DOE III, INCLUSIVE<br><br>Defendant(s), | CASE NO.:<br>EDCV23-00769-SSS(KKx)<br><br>NOTICE OF REMOVAL OF UNLAWFUL DETAINER ACTION, TO UNITED STATES DISTRICT COURT UNDER 28 USC 1332, 1441, AND 1446 (DIVERSITY)<br><br>(San Bernardino Superior Court, Fontana Division, Case No. LLTVA2300518) |

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT:

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF THE STATE OF CALIFORNIA, COUNTY OF SAN BERNADINO, FONTANA COURTHOUSE:

1. PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. Section 1441 and 1446, Defendant Michael McCurdy, in the above captioned case hereby removes to this Court

- 1 -
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

from the following identified State Court action, which now has matters pending as further described below:

**IN THE MATTER OF:**

TRACY LYNN GOMEZ (Plaintiff) v. MICHAEL MCCURDY, DOE I THROUGH DOE III, INCLUSIVE (Defendant(S))

SAN BERNARDINO SUPERIOR COURT, FONTANA DIVISION, CASE NO.: LLTVA2300518.

2. On or about January 24, 2023 an unlawful detainer action was commenced in the Limited Civil Division of the Superior Court of California, County of San Bernardino, and Fontana Courthouse. A copy of Summons and Complaint are hereto attached as Exhibit A.

3. Defendant Michael MCCurdy, placed his answer onto the case and hereby is challenging jurisdiction of said court and raising issues therein that must be heard under equal protection under the law, and retention of rights and remedies in law.

**JURISDICTION**

1. This Court now has proper jurisdiction over this cause of action for removal, pursuant to, but not limited to, the following statutory points and authorities: TITLE 28, USC 1332, 1441, AND 1446,.

//

**STATEMENT OF FACTS**

1.    Petitioner reiterates that this removal is established in this Court to secure rights as protected by the above referenced federal codes and statutes and foundation documents, where such expectation of protection of rights and due process cannot be secured in the limited jurisdiction of the current state court. Petitioner states that he has been living in the premises located at 4776 Brooks Street, Montclair, CA 91763, for many years.

Petitioner McCurdy hereby states that Plaintiff's Complaint was improperly served. At the time of service of Plaintiff's unlawful detainer action, the documents were delivered and served to the incorrect address and the incorrect party, who had nothing to do in the civil matter. Documents were served to Defendant's neighbor, who realized that the court forms were under Michael McCurdy named as a Defendant in the action. Therefore, Defendant's neighbor went ahead and handled McCurdy the unlawful detainer complaint.

Therefore, the effectiveness of service is in question and the proof of service filed by Plaintiff is not valid.

Plaintiff filed an answer in the Fontana Courthouse on April 3, 2023.

Petitioner intends to raise substantive issues in this federal case and in order to insure protection of due process and preservation of rights, do hereby stat that such limited civil cases for unlawful detainer do not allow for challenge of jurisdiction; raising relevant issues, and as such represent willful deprivation of rights pursuant to the USC title sections referenced herein. This removal is necessary to overcome the undue prejudice caused by the Unlawful Detainer restrictions and numerous violations perpetrated by

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Plaintiff in said case prior to the filing of the unlawful detainer action. Plaintiff's acts are of bad faith, unclean hands and with no just or rightful basis of actions leading to Petitioner McCurdy to an eviction.

2. At such raised issues, which cannot be determined in a limited case of unlawful detainer, and to allow such to proceed when material facts cannot be presented in such a forum, would be a deprivation of rights and not in the interest of justice.

**RELIEF REQUESTED.**

1. It is required that this removal into this Court proceed in order to gain the necessary stay of proceedings and immediate intervention within the exercise of full jurisdiction and authority by this Court to hear the material facts and review established documentary evidence to address the issues of McCurdy's rights. Failing to do so, will cause irreparable harm and inability to enforce such rights in said state court under the laws providing for the equal protection of rights as per federal codes, statutes and foundational documents and denial of proper remedies in law.

2. **WHEREFORE**, The Petitioner, Michael McCurdy, Defendant named herein above in the above titled state action, requests by this petition, that Case Number LLTVA2300518, be removed to the United States District Court, Central District of California, Eastern Division.

Date: April 29, 2023

By: _____
MICHAEL MCCURDY

# "EXHIBIT A"

**SUM-130**

# SUMMONS—EVICTION
## (CITACIÓN JUDICIAL—DESALOJO)

UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY
(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)

NOTICE TO DEFENDANT: MICHAEL MCCURDY, DOE I THROUGH DOE III, INCLUSIVE
(AVISO AL DEMANDADO):

YOU ARE BEING SUED BY PLAINTIFF: TRACY LYNN GOMEZ
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

**FOR COURT USE ONLY**
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
FONTANA DISTRICT

JAN 24 2023

BY _____ MELINA GUEVARA, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit legal groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.

Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

**EXENCIÓN DE CUOTAS:** Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.

1. The name and address of the court is: SUPERIOR COURT OF CALIFORNIA,
   (El nombre y dirección de la corte es): COUNTY OF SAN BERNARDINO
   FONTANA DISTRICT
   17780 ARROW BOULEVARD, FONTANA, CALIFORNIA 92335

**CASE NUMBER (número de caso):**
LLTVA2300518

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
   LAW OFFICES OF LIDDLE & LIDDLE, A Professional Corporation Raymond Zakari SBN: 225356
   310 South Vermont Avenue, Glendora, California 91741 Telephone: 626-963-1638; Facsimile: 626-914-0710

OUR FILE#
22OC096

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2023]

SUMMONS-UNLAWFUL DETAINER-EVICTION

Code of Civil Procedure, §§ 412.20, 415.46, 1167
www.courts.ca.gov

SUM-130

| PLAINTIFF (Name): Gomez, Tracy Lynn | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): McCurdy, Michael | LLTVA2300518 |

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [✓] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)*:

Date: JAN 2 4 2023     Clerk, by _____, Deputy
(Fecha)                (Secretario)                  (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (form POS-010).)* MELINA GUEVARA

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [✓] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation).        [ ] CCP 416.60 (minor).
             [ ] CCP 416.20 (defunct corporation). [ ] CCP 416.70 (conservatee).
             [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
             [ ] CCP 415.46 (occupant).            [ ] other *(specify):*
   e. [ ] by personal delivery on *(date):*

SUM-130 [Rev. January 1, 2023]         SUMMONS-UNLAWFUL DETAINER-EVICTION         Page 2 of 2

```
LAW OFFICES OF LIDDLE & LIDDLE
A Professional Corporation
Layne L. Liddle, SBN 94274
George Lee Liddle, Jr., SBN 119977
Raymond Zakari, SBN 225356
310 South Vermont Avenue
Glendora, CA 91741
(626) 963-1638
(626) 914-0710 (Fax)
Our File #22OC096
```

```
                           FILED
            SUPERIOR COURT OF CALIFORNIA
              COUNTY OF SAN BERNARDINO
                    FONTANA DISTRICT

                     JAN 24 2023

         BY_____
              MELINA GUEVARA, DEPUTY
```

ATTORNEY FOR PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

FONTANA DISTRICT, LIMITED CIVIL

TRACY LYNN GOMEZ,
            PLAINTIFF,

vs.

MICHAEL MCCURDY,

DOE I THROUGH DOE III, INCLUSIVE.

            DEFENDANTS.

CASE NO. LLTVA2300518

COMPLAINT
UNLAWFUL DETAINER

(AMOUNT DEMANDED DOES NOT EXCEED $10,000)

NOTICE: This case is assigned to __Stephanie Thornton-Harris__ Dept __F8__ for all purposes and is subject to CCP 170.6(2)

PLAINTIFF alleges:

1. That plaintiff is entitled to the possession of, and is the owner of the commercial real property described as follows:

    4776 Brooks Street

    Montclair, CA 91763

Said real property is located within the above Judicial District and County. Each plaintiff named herein is, and at all times relevant hereto was, a competent, natural person over the age of eighteen (18) years and therefore has legal capacity to bring this action.

///

///

-1-

Complaint (Unlawful Detainer)

2. That on or about January 1, 2012, plaintiff's predecessor in interest, by written agreement, leased, demised and let unto said defendant on a month-to-month tenancy, the real property described in Paragraph 1 above, to have and to hold said premises unto said defendant at a monthly rental of $800.00, payable in advance on the first day of each month. Plaintiff herein has lost their only copy of the said agreement.

3. By virtue of said agreement, said defendant went into possession and occupation of said premises and still continues to hold the same as tenant thereof. On or about July 8, 2022, plaintiff's predecessor in interest passed away and plaintiff inherited the premises thereby succeeding as landlord under said rental agreement.

4. That on or about October 26, 2022, plaintiff, by notice properly served, made demand, in writing, of said defendant, requiring the defendant to quit and deliver up possession of the said premises at the expiration of thirty (30) days after the service on defendant of said notice. A copy of said notice and duly executed Declaration of Service are collectively attached hereto as Exhibit "1"; and incorporated herein by this reference as if set forth in full.

5. That the term for which said premises were demised as aforesaid has terminated, and that said defendant holds over and continues in possession of said demised premises, without the permission of the said plaintiff and under no claim of right. Defendant has refused and neglected to quit the possession of said demised premises, and still does refuse.

6. The reasonable value for the use and occupancy of the subject premises is $26.66 per day. Plaintiff seeks such sum as damages for January 4, 2023, and for each day thereafter until the date of judgment herein.

7. That the true names and capacities of the defendants sued herein as DOE I, DOE II, and DOE III are at this time unknown to plaintiff who therefore sues them under such fictitious names. When the true names and capacities of said defendants are ascertained by plaintiff, plaintiff will ask leave to amend this complaint and insert such true names and capacities. All defendants, and each of them, including the fictitiously named defendants are in possession, in person or by subtenant, of the above-described premises and are responsible in some way for the acts complained of herein.

8. That plaintiff has performed all terms and conditions of said agreement and California law

on its part to be performed.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For restitution and possession of said premises;
2. For termination of said lease or agreement;
3. For damages in the sum of $26.66 per day for January 4, 2023, and for each day thereafter that the defendant continues in possession of said premises, until the date of judgment herein;
4. For cost of suit herein incurred;
5. For such other relief as to the Court may seem just and proper, all recovery in excess of the limited civil jurisdiction of this Court being hereby expressly waived for the purposes of this action only.

Dated: January 4, 2023

                      LAW OFFICES OF LIDDLE & LIDDLE
                      A Professional Corporation

                      by: _____
                            Attorney for Plaintiff

## DECLARATION OF PROPER COURT (C.C.P. §396a(a))

I declare under penalty of perjury that the premises at issue in this Unlawful Detainer action are located within the above-encaptioned Judicial District and County.

Executed in Glendora, California on January 4, 2023.

_____
Raymond Zakari
Attorney for Plaintiff

-4-

Complaint (Unlawful Detainer)

## VERIFICATION

STATE OF CALIFORNIA )
COUNTY OF SAN BERNARDINO )

I, the undersigned, declare that I have read the foregoing COMPLAINT (UNLAWFUL DETAINER) and know its contents. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I am the plaintiff in this action and am authorized to make this verification on its behalf.

It is specifically agreed that, for purposes of this Unlawful Detainer, it may be executed by any Party by any electronic means (i.e. email or fax) which may be attached to this Unlawful Detainer, and that an electronic or copy of a signature shall be effective, valid and enforceable as if it were an original signature.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2023 at Long Beach, CA.

x *Tracy Gomez*
Tracy Gomez

# THIRTY DAY NOTICE TO QUIT

TO: Michael McCurdy,
AND ALL OTHERS IN POSSESSION of the premises known and described as:

4776 Brooks Street
Montclair, CA 91763 (Commercial Unit)

Said premises was previously and erroneously stated as 4767 Holt Boulevard, Montclair, CA 91763 on your lease agreement.

PLEASE TAKE NOTICE that you are hereby required to QUIT and DELIVER POSSESSION of the premises described above to your landlord or his agent on the below termination date or thirty (30) days after the date of service of this notice upon you, whichever date is later in time. This is intended as a thirty (30) day notice to quit for the purpose of terminating your month to month tenancy.

**\*\*TERMINATION DATE\*\***
**December 31, 2022**

If you fail to quit and deliver possession as required herein, legal proceedings will be instituted against you to recover possession of said premises together with damages, attorney's fees, and such other court costs and disbursements as allowed by law for such UNLAWFUL DETENTION. **State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.**

Dated: October 24, 2022

_Layne L. Liddle_ (signature)

Law Offices of Liddle & Liddle
A Professional Corporation
310 South Vermont Avenue
Glendora, California 91741
Attorneys for:
Tracy Lynn Gomez, owner/lessor.
Our file # 22OC096

cc: client

THIS NOTICE SHALL SUPERSEDE ALL OTHER PREVIOUS NOTICES SERVED UPON YOU!

**EXHIBIT 1**

# VERIFICATION

STATE OF CALIFORNIA )
COUNTY OF SAN BERNARDINO )

I, the undersigned, declare that I have read the foregoing PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS and know its contents. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I am the plaintiff in this action and am authorized to make this verification on its behalf.

It is specifically agreed that, for purposes of this Unlawful Detainer, it may be executed by any Party by any electronic means (i.e. email or fax) which may be attached to this Unlawful Detainer, and that an electronic or copy of a signature shall be effective, valid and enforceable as if it were an original signature.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2023      at Long Beach, CA.

*DocuSigned by:*
x *Tracy Gomez*
Tracy Gomez

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
LAW OFFICES OF LIDDLE & LIDDLE, A Professional Corporation
Raymond Zakari    SBN: 225356
310 South Vermont Ave., Glendora, California 91741
TELEPHONE NO.: 626-963-1638    FAX NO. (Optional): 626-914-0710
E-MAIL ADDRESS:
ATTORNEY FOR (Name): Plaintiff

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
FONTANA DISTRICT

JAN 24 2023

BY _____
MELINA GUEVARA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 17780 Arrow Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Fontana, 92335
BRANCH NAME: Fontana District

CASE NAME:
Gomez, Tracy Lynn vs. McCurdy, Michael

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [ ] Unlimited  [X] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | LLTVA2300518  JUDGE:  DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[X] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): One
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/4/2023

Raymond Zakari    State Bar# 225356
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. September 1, 2021]    **CIVIL CASE COVER SHEET**    Page 2 of 2

**UD-101**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 225356 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Raymond Zakari<br>FIRM NAME: Law Offices of Liddle & Liddle, APC<br>STREET ADDRESS: 310 S. Vermont Avenue<br>CITY: Glendora  STATE: CA  ZIP CODE: 91741<br>TELEPHONE NO.: (626) 963-1638  FAX NO.: (626)914-0710<br>EMAIL ADDRESS:<br>ATTORNEY FOR (name): Gomez, Tracy Lynn | | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>FONTANA DISTRICT<br><br>JAN 24 2023<br><br>BY_____<br>MELINA GUEVARA, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 17780 Arrow Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Fontana 92335
BRANCH NAME: Fontana District

PLAINTIFF: Gomez, Tracy Lynn
DEFENDANT: McCurdy, Michael

| PLAINTIFF'S MANDATORY COVER SHEET AND<br>SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER | CASE NUMBER:<br>CLTVA2300518 |
|---|---|

All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).
- Serve this form and any attachments to it with the summons.
- If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.
- If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.

To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance—Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.

1. PLAINTIFF (name each):
   Tracy Lynn Gomez

   alleges causes of action in the complaint filed in this action against DEFENDANT (name each):
   Michael McCurdy, Doe I through Doe III, Inclusive

2. Statutory cover sheet allegations (Code Civ. Proc., § 1179.01.5(c))
   a. This action seeks possession of real property that is (check all that apply): ☐ Residential  ☒ Commercial
      (If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5; a summons may be issued.)
   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges. ☐ Yes ☐ No

3. Item 3 has been removed as it only applied before July 1, 2022.

THIS SPACE INTENTIONALLY LEFT BLANK

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev. July 16, 2022]

PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER

Code of Civil Procedure, § 1179.01 et seq.
www.courts.ca.gov

UD-101

| PLAINTIFF: Gomez, Tracy Lynn | CASE NUMBER: |
|---|---|
| DEFENDANT: McCurdy, Michael | |

6. c. Response to notice *(check all that apply):*

    (1) ☐ Defendant *(name each):*

    delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

    (2) ☐ Defendant *(name each):*

    did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

7. ☐ **Rent or other financial obligations due between September 1, 2020, and September 30, 2021 (the transition time period)** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.

   a. ☐ Defendant *(name each):*

   was provided all the required versions of the "Notice from the State of California" as required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

   b. ☐ Defendant *(name each):*

   was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

    *(If the notice identified defendant as a high-income tenant and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

    *(If filing form UD-100 with this form and item 7b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

   c. Response to notice *(check all that apply):*

    (1) ☐ Defendant *(name each):*

    delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

    (2) ☐ Defendant *(name each):*

    did *not* deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

   d. ☐ Rent or other financial obligations due:

    (1) Rent or other financial obligations in the amount of $_____ was due between September 1, 2020, and September 30, 2021.

    (2) Payment of $_____ for that period was received by September 30, 2021.

8. **Service of Code of Civil Procedure Section 1179.04 Notice from the State of California** *(You must complete this item if you checked item 6 or 7 above. Section 1179.04 provides three separate versions of a "Notice from the State of California" that the landlord was to provide to tenants at different times during the pandemic (the notices referenced in items 6a and 7a above). This item addresses when and how those notices were provided.)*

   a. **September 2020 Notice.** Plaintiff provided the required notice for tenants who, as of September 1, 2020, had any unpaid rent or other financial obligations due any time between March 1, 2020, and August 31, 2020 (Code Civ. Proc., § 1179.04(a)), to defendants identified in 6a or as follows:

    (1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

    (2) ☐ By personally handing a copy to each named defendant on *(date):*

UD-101

| PLAINTIFF: Gomez, Tracy Lynn | CASE NUMBER: |
|---|---|
| DEFENDANT: McCurdy, Michael | |

8. a. (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8a.)*

   (4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8a.)*

   (5) ☐ Plaintiff was not required to serve the September 2020 notice on the named defendants.

   b. **February 2021 Notice.** Plaintiff provided the required notice for tenants who as of February 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(b)) to defendants identified in 6a and 7a as follows:

   (1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:

   (2) ☐ By personally handing a copy to each named defendant on *(date)*:

   (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.)*

   (4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8b.)*

   (5) ☐ Plaintiff was not required to serve the February 2021 notice on the named defendants.

   c. **July 2021 Notice.** Plaintiff provided the required notice for tenants who as of July 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(c)) to defendants identified in 6a and 7a as follows:

   (1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:

   (2) ☐ By personally handing a copy to each named defendant on *(date)*:

   (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8c.)*

   (4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8c.)*

   (5) ☐ Plaintiff was not required to serve the July 2021 notice on the named defendants.

9. ☐ **High-income tenant.** The 15-day notice in item 6b or 7b above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

   a. ☐ The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

   b. ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

10. ☐ **Rent or other financial obligations due between October 1, 2021, and March 31, 2022 (recovery period rental debt).** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the recovery period. *(Check a, b, or c.)*

    a. ☐ Defendant *(name each)*:

    was served with at least 3 days' notice to pay rent or other financial obligations or quit, in a notice that included the information about the government rental assistance program and possible protections, as required by Code of Civil Procedure section 1179.10.

    *(If filing form UD-100 with this form and this item is checked, specify this notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

    b. ☐ The tenancy was not initially established before October 1, 2021, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

    c. ☐ The 3 days' notice to pay rent or other financial obligations or quit was served on or after July 1, 2022, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

**UD-101**

| PLAINTIFF: Gomez, Tracy Lynn | CASE NUMBER: |
|---|---|
| DEFENDANT: McCurdy, Michael | |

11. ☐ **Rent or other financial obligations due after March 31, 2022.** *(Only applicable if action is filed on or after April 1, 2022.)* The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after March 31, 2022.

12. ☐ **Statements regarding rental assistance** *(Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance—Unlawful Detainer (form UD-120).)*

   a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes  ☐ No

   b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after the date of* the notice underlying the complaint? ☐ Yes  ☐ No

   c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes  ☐ No

   d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint? ☐ Yes  ☐ No

13. ☐ **Other allegations.** Plaintiff makes the following additional allegations. *(State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c), etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 13, and letter each allegation in order.)* ☐ Other allegations are on form MC-025.

14. ☐ Number of pages attached *(specify):*

Date: January 4, 2023

Raymond Zakari
(TYPE OR PRINT NAME)

*(SIGNATURE OF PLAINTIFF OR ATTORNEY)*

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 4, 2023

Tracy Gomez
(TYPE OR PRINT NAME)

X  Tracy Gomez
E5CCBC4FA820428... (SIGNATURE)

| UD-101 [Rev. July 16, 2022] | **PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER** | Page 5 of 5 |